**IN THE COURT OF APPEALS OF IOWA**

No. 13-1724
Filed October 28, 2015

**MURRAY FORD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Martha Mertz, Judge.


Murray Ford appeals the denial of his application for postconviction relief.

**AFFIRMED.**


James S. Nelsen of James Nelsen, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, John P. Sarcone, County Attorney, and Michael Hunter, Assistant County Attorney, for appellee.


Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Murray Ford appeals the district court's denial of his application for postconviction relief (PCR) claiming his trial counsel was ineffective. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

On November 14, 2007, Ford was charged with first-degree robbery, in violation of Iowa Code sections 711.1 and 711.2 (2007). A jury found him guilty of second-degree robbery, and the court sentenced him to a term of imprisonment not to exceed ten years. This court affirmed Ford's conviction on direct appeal.[1] Ford filed his application for PCR on November 9, 2010. After a hearing, the district court denied his application. Ford now appeals.

PCR proceedings are ordinarily reviewed for corrections of errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). To the extent Ford alleges ineffective assistance of counsel, a constitutional claim, our review is de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

An ineffective-assistance-of-counsel claim requires a demonstration of both ineffective assistance and prejudice. *Ledezma*, 626 N.W.2d at 142 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The ineffective-assistance prong requires proof the attorney performed below the standard demonstrated by a reasonably competent attorney as compared against prevailing professional norms. *Id.* There is a strong presumption the attorney performed their duties competently. *Id.* Once the applicant has shown ineffective assistance, they must

---

[1] *State v. Ford*, No. 08-1190, 2010 WL 2925124 at *4 (Iowa Ct. App. July 28, 2010).

also show the error caused prejudice. *Id.* at 143. The prejudice prong requires proof that, but for the ineffective assistance, "the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The applicant must "show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* (citing *Strickland*, 466 U.S. at 693). Bell must prove both the "essential duty" and "prejudice" elements by a preponderance of the evidence. *Ennenga*, 812 N.W.2d at 701.

Ford claims his trial counsel was ineffective by failing to perform several essential duties, which caused him prejudice. Upon our de novo review of the record, we find Ford's trial counsel did not breach any essential duties. We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**